**SERGENIAN LAW**
a Professional Corporation

David A. Sergenian (SBN 230174)
  david@sergenianlaw.com
2355 Westwood Blvd. #529
Los Angeles, CA 90064
Telephone: (213) 435-2035

WHITEWOOD LAW
Shengmao Mu (SBN 327076)
99 South Almaden Blvd, Suite 600
San Jose, CA 95113
Tel: 917-858-8018
Fax: 917-591-0618
smu@whitewoodlaw.com

Counsel for Defendant
LAJERRIO JEWELRY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| VERRAGIO, LTD., | Case No. 2:23-cv-02362-JAK-Ex |
| Plaintiff, | Hon. John A. Kronstadt |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ATTORNEYS SHENGMAO MU AND DAVID SERGENIAN FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR LAJERRIO JEWELRY** |
| LAJERRIO JEWELRY, | |
| Defendant. | |
| | DATE:       January 29, 2024 |
| | TIME:       8:30 a.m. |
| | CTRM:       10B |

**INTRODUCTION**

Attorneys Shengmao Mu ("Mu") and David Sergenian ("Sergenian") (collectively "Counsel") have represented Defendant Lajerrio Jewelry ("Defendant") diligently throughout the course of this litigation. Defendant recently discharged its Counsel, on December 7, 2023, after a complete breakdown of the attorney-client relationship between Defendant and Counsel. Accordingly, pursuant to the California Rules of Professional Conduct, Counsel is required to seek leave to withdraw as Defendant's counsel. Mandatory withdrawal constitutes good cause to withdraw under L.R. 83-2.3. Accordingly, Counsel respectfully request that the Court grant them leave to withdraw as Defendant's attorney's in this action.

**BACKGROUND**

On or around April 26, 2023, Plaintiff engaged Counsel to represent it in this action.

On June 16, 2023, Defendant filed an Answer (ECF No. 24) after obtaining stipulating with Plaintiff to extend the time for Defendant to answer. (ECF No. 22.)

A Rule 26(f) conference was held between Defendant and Plaintiff (the "Parties") on August 2, 2023. On August 9, 2023, the Parties submitted a Joint Rule 16(b)/Rule 26(f) Report. (ECF No. 26.)

On September 5, 2023, the Parties agreed on a mediator to preside over mandatory mediation. (ECF No. 29.)

On December 5, 2023, Defendant informed Counsel that it had decided to discharge Counsel effective immediately, after a complete breakdown of the attorney-client relationship between Defendant and Counsel. (Declaration of Shengmao Mu ("Mu Decl.") ¶¶ 2, 3.) Counsel advised Defendant that as a result of Defendant's decision to discharge Counsel, they would be obligated to file this Motion to Withdraw. (*Id*.) Concurrently with filing this motion, Counsel is providing a copy of the moving papers to Defendant. (*Id.* at ¶ 4.)

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW

1

SERGENIAN LAW
a Professional Corporation

## LEGAL STANDARD

Whether to grant an application to withdraw is a matter within the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "The motion for leave to withdraw must be supported by good cause." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." *Id*. at 83-2.3.5.

"In determining whether to grant counsel's motion to withdraw, courts often weigh the following four factors: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case.'" *Jones v. James Trading Co.*, 2020 U.S. Dist. LEXIS 256777, at *2–3 (C.D. Cal. Oct. 30, 2020), citing *Kazovsky v. Metrocities Mortgage, LLC*, 2012 U.S. Dist. LEXIS 188908, 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012).

"In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct." *Id*. at *3. *See also Stewart v. Boeing Co.*, CV 12-05621 RSWL (AGRx), 2013 U.S. Dist. LEXIS 87064, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation.") Under the California Rules, withdrawal is mandatory if "the client discharges the lawyer." *Id.* at *3, citing Cal. R. Prof. Conduct 1.16(a)(4).[1]

## ARGUMENT

The first factor addressed in the *Jones* case is satisfied here because withdrawal is mandatory under the California Rules of Professional Conduct. Counsel is seeking leave

---

[1] California Rules of Professional Conduct, rule 16(a), provides, in relevant part: "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: [¶¶] (4) the client discharges the lawyer." Rule 16(c) provides: "If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission."

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW

1   to withdraw as counsel because Defendant has discharged Counsel as Defendant's attor-

2   neys. On December 5, 2023, Defendant communicated to Mu that it wishes to terminate

3   Counsel's representation with an effective date of December 7, 2023. (Mu Decl. ¶ 3.)

4   Under the California Rules of Professional Conduct, withdrawal is mandatory. Cal. R.

5   Prof. Conduct 1.16(a)(4). Other district courts in the Ninth Circuit have found that under

6   such circumstances, an order granting leave to withdraw as counsel is warranted. *See,*

7   *e.g.*, *Townsend Farms v. Goknur Gida Maddeleri Enerji Imalat Ithalat Ihracat Ticaret Ve*

8   *Sanayi A.S.*, Case No. LA CV 15-00837-DOC-JCG, 2021 U.S.Dist. LEXIS 193376, at *9

9   (C.D. Cal. Mar. 4, 2021) (finding that party's discharge of its counsel established good

10  cause under Cal. R. Prof. Conduct, rule 1.16(a)(4) and Local Rule 83-3.1.2); *Nawabi v.*

11  *Cates*, 2019 U.S. Dist. LEXIS 166140, 2019 WL 4688693 *2 (E.D. Cal. Sept. 26, 2019)

12  ("Mandatory withdrawal is required where ... 'the client discharges the lawyer.'").

13  In addition, withdrawal is appropriate under the permissive provisions of Califor-

14  nia Rules of Professional Conduct, rule 1.16(b). Rule 1.16(b) provides, in relevant part:

15  "Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

16  [¶¶] (7) the inability to work with co-counsel indicates that the best interests of the client

17  likely will be served by withdrawal[.]" Here, there has been a complete breakdown in the

18  attorney-client relationship between Defendant and Counsel such that the best interests

19  of Defendant will be served by withdrawal. (Mu Decl. ¶ 2.) *See Rini v. Nationwide Insur-*

20  *ance Company of America*, 2011 U.S. Dist. LEXIS 160890, 2011 WL 13130183 *1–2

21  (C.D. Cal. Nov. 30, 2011) (granting motion to withdraw as a result of "'a complete break-

22  down of the attorney client relationship' that prevents [counsel] from adequately repre-

23  senting [p]laintiff where "[p]laintiff no longer trusts [counsel]" and "[counsel] is unable

24  to reconcile its differences of opinion with [p]laintiff"'").

25  The second factor discussed in *Jones* is also satisfied. A trial date has not yet been

26  set in this action. There is still sufficient time for Defendant to obtain new counsel and to

27  participate in discovery and pretrial proceedings. Plaintiff, the only other party to this

28

SERGENIAN LAW
a Professional Corporation

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW

action, will not suffer any prejudice as a result of Counsel's withdrawal as counsel for Defendant.

Similarly, the third and fourth factors discussed in *Jones* are also satisfied because the case is still at a very early stage. There are no pending motions on the docket. There is ample time in the schedule for this case to proceed apace. No harm will be caused to the administration of justice, and the resolution of the case will not be delayed.

## CONCLUSION

For the forgoing reasons, Counsel for Defendant respectfully request that the Court grant leave for Counsel to withdraw from representation of Defendant in this action.

Dated: December 19, 2023

Respectfully submitted,

**SERGENIAN LAW**
a Professional Corporation

By: */s/David A. Sergenian*
DAVID A. SERGENIAN

Counsel for Defendant
LAJERRIO JEWELRY

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW